IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **VIRGINIA GARCES and JOSEFINA GUTIERREZ** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| **TAQUERIA LOS COMALES #12, INC.,**<br>**ANA LUISA GARCIA, individually, and**<br>**JUAN GARCIA, individually,** | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs, Virginia Garces and Josefina Gutierrez by and through their attorneys, Becerra Law Group, LLC, for their Complaint against Taqueria Los Comales #12, Inc., and Ana Luisa Garcia, individually, and Juan Garcia, individually, (herein "Defendants"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiffs federal and state mandated minimum wages and overtime pay.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Virginia Garces resides and is domiciled in this judicial district.

5. Plaintiff Virginia Garces is a current employee of Defendants who is employed by Defendants in this judicial district. During the course of her employment, Plaintiff Virginia Garces has handled goods that moved in interstate commerce and performed non-exempt work.

6. Plaintiff Josfina Gutierrez resides and is domiciled in this judicial district.

7. Plaintiff Josefina Gutierrez is a current employee of Defendants who is employed by Defendants in this judicial district. During the course of her employment, Plaintiff Josefina Gutierrez has handled goods that moved in interstate commerce and performed non-exempt work.

8. Defendant Taqueria Los Comales #12, Inc. is an Illinois corporation doing business within this judicial district. Defendant Taqueria Los Comales #12, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9. Defendant Taqueria Los Comales #12, Inc. was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

10. Defendant Ana Luisa Garcia is the President of Taqueria Los Comales #12, Inc.

11. Defendant Ana Luisa Garcia is involved in the day-to-day business operations of Taqueria Los Comales #12, Inc. Among other things, Defendant Ana Luisa Garcia has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and she has the authority to make decisions regarding employee compensation and capital expenditures.

12. Defendant Ana Luisa Garcia was Plaintiffs' employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

13. Upon information and belief, Defendant Ana Luisa Garcia resides in and is domiciled within this judicial district.

14. Defendant Juan Garcia is Ana Luisa Garcia's nephew and is a manager at Taqueria Los Comales #12, Inc.

15. Defendant Juan Garcia is involved in the day-to-day business operations of Taqueria Los Comales #12, Inc. Among other things, Defendant Juan Garcia has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to make decisions regarding employee compensation and capital expenditures.

16. Defendant Juan Garcia was Plaintiffs' employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

17. Upon information and belief, Defendant Ana Luisa Garcia resides in and is domiciled within this judicial district.

## FACTUAL ALLEGATIONS

18. Defendants operate a restaurant and banquet hall in Chicago, Illinois.

19. The restaurant and banquet hall operate as a unified operation and common enterprise with a common business purpose.

20. The restaurant and banquet hall share supplies

21. Plaintiffs work as waitresses who are also required to clean the bathrooms and package takeout orders.

22. All of the non-tip generating work performed by Plaintiffs was paid at the same

3

rate as the tip rate paid by the Defendants.

23. Prior to October 2014, Plaintiff Josefina Gutierrez worked 54 hours per week, but was not paid overtime wages at one and one half times her regular rate.

24. In an effort to conceal the lack of overtime pay, Defendants had a policy and practice of paying a portion in check and the rest in cash.

25. Defendants pay waitresses $40 per shift not matter how long the shift lasts.

26. In an effort to conceal the lack of minimum wages paid to Plaintiff Virginia Garces, Defendants paid all of her wages in cash.

27. Department of Labor regulations, at 29 CFR Part 516, requires employers to maintain and preserve payroll or other records that reflect, for each employee, *inter alia*, the hours worked each workday and total hours worked each workweek; and in any workweek in which overtime compensation is due, the employee's regular hourly rate of pay, the total weekly straight-time wages and premium pay for overtime hours.

28. Defendants violated 29 CFR Part 516 by failing to keep and maintain accurate and complete time and pay records.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages for Plaintiff Josefina Gutierrez

Plaintiff Josefina Gutierrez hereby realleges and incorporates paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

29. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendants' failure to pay overtime wages to Plaintiff Josefina Gutierrez.

30. Plaintiff Josefina Gutierrez worked for Defendants and was an "employee" of

Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

31. Defendants were Plaintiff Josefina Gutierrez "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32. During the course of her employment by Defendants, Plaintiff Josefina Gutierrez was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

33. Plaintiff Josefina Gutierrez were directed by Defendants to work, and did work, in excess of 40 hours per week.

34. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, she was entitled to be compensated at a rate of one and one-half times the minimum wage rate.

35. Defendants did not compensate Plaintiff Josefina Gutierrez at a rate of one and one-half times the minimum wage rate for time she worked in excess of 40 hours in individual workweeks.

36. Defendants' failure to pay Plaintiff Josefina Gutierrez overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

37. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff Josefina Gutierrez prays for a judgment against Defendants as follows:

    A. A judgment in the amount of one and one-half times the minimum wage rate for all time Plaintiff Josefina Gutierrez worked in excess of 40 hours per week;

  B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

  C. Reasonable attorneys' fees and costs incurred in filing this action; and

  D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages for Plaintiff Josefina Gutierrez

Plaintiff Josefina Gutierrez hereby reallege and incorporate paragraphs 1 through 37 of this Complaint, as if fully set forth herein.

38. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

39. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff Josefina Gutierrez bring this action pursuant to 820 ILCS 105/12(a).

40. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee(s)" within the meaning of that Act.

41. During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

42. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff Josefina Gutierrez worked in excess of 40 hours she was entitled to be compensated at one and one-half times the minimum wage rate for all hours worked in excess of 40 hours per week.

43. Defendants failed to pay Plaintiff one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

44. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff Josefina Gutierrez at one and one-half times her regular hourly rate of pay for all time worked in excess of 40 hours per week.

45. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff Josefina Gutierrez prays for a judgment against Defendants as follows:

    A.    A judgment in the amount of one and one-half times the State mandated minimum wage rate for all time which Plaintiff Josefina Gutierrez worked in excess of 40 hours per week;

    B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act – Minimum Wages all Plaintiffs

Plaintiffs hereby reallege and incorporate paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

46. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiffs the federally mandated minimum wages for all time worked.

47. During the course of Plaintiffs' employment with Defendants, Defendants failed to compensate Plaintiffs for all hours worked.

48. Plaintiffs were entitled to be paid at least the federal minimum wage for all time worked.

49. Defendants' failure to pay the federal minimum wage rate violated the minimum wage hour provisions of the FLSA.

7

50. Defendants willfully violated the FLSA by refusing to pay Plaintiffs the federally mandated minimum wages for all hours they worked.

51. Plaintiffs are entitled to recover unpaid minimum wages for three years prior to the filing of this suit because of Defendants' failure to pay minimum wages for all hours worked in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A. A judgment in the amount of unpaid minimum wages for all hours that Plaintiffs and similarly situated employees worked;

    B. Liquidated damages in an amount equal to the amount of unpaid minimum wages for which Plaintiffs and similarly situated employees is found to be due and owing;

    C. Reasonable attorneys' fees and costs incurred in filing this action; and

    D. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Minimum Wage Law – Minimum Wages all Plaintiffs**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 51 of this Complaint, as if fully set forth herein.

52. This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiffs state-mandated minimum wages for all time they worked.

53. During the course of their employment with Defendants, Plaintiffs were not compensated at the Illinois minimum wage rate.

54. Plaintiffs were entitled to be paid the Illinois minimum wage for all time worked.

55. Defendants failed to pay the Illinois minimum wage for all time worked.

56. Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

57. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages

for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

  WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

  A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

  B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

  C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

  D. Such other and further relief as this Court deems appropriate and just.

          Respectfully submitted,

Dated: July 2, 2015      **JOSEFINA GUTIERREZ and VIRGINIA GARCES**

          By: /s/Carlos G. Becerra
           Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC # 6310896)
Becerra Law Group, LLC
332 South Michigan, Suite 1020
Chicago, Illinois 60604
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com